UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRANCO CLINIC, P.A., a Florida      CASE NO.:
professional association, and HEARING
CONSULTANTS, INC., a Florida
corporation,

                         Plaintiffs,

vs.

DIRECTORY ASSISTANTS, INC.,
a Connecticut corporation,

                         Defendants.
_____/

## COMPLAINT

Plaintiffs, Barranco Clinic, P.A., and Hearing Consultants, Inc., by and through their undersigned attorneys, sues Defendant, Directory Assistants, Inc., and in so doing would state:

1. These are causes of action based upon federal questions pursuant to 28 U.S.C. 1331, for declaratory judgment concerning an agreement with the Defendant pursuant to 28 U.S.C. §§ 2201 & 2202; under the Federal Arbitration Act 9 U.S.C. §1, et seq., specifically §§ 2 & 5 thereof, change of venue pursuant to 28 U.S. C. § 1391, change of venue pursuant to forum non conveniens 28 U.S.C. 1404(a) and lack of personal jurisdiction of the Plaintiffs in Connecticut for arbitration or confirmation of any award.

2. Plaintiff, Barranco Clinic, P.A., is a Florida professional association which is authorized to do business in the State of Florida which maintains an office for its customary business in Winter Haven, Polk County, Florida.

3. Plaintiff, Hearing Consultants, Inc., is a Florida corporation which is authorized to do

business in the State of Florida which maintains an office for its customary business in Winter Haven, Polk County, Florida.

4. Defendant, Directory Assistants, Inc., is on reason and belief, a Connecticut corporation, which is not authorized to do business in the State of Florida but which sought to do business with Plaintiffs in Florida.

5. These are causes of action for declaratory judgment pursuant to 9 U.S.C. 1, et seq., commonly known as the Federal Arbitration Act, which provide a federal question between Plaintiffs and Defendants as well as the other matters plead in paragraph 1 above.

## Common Allegations

6. Plaintiff, Barranco Clinic, P.A. (Hereinafter BARRANCO), hereby realleges paragraphs 1 through 3 and paragraphs 4 & 5 of the complaint herein by reference.

7. On or about May 28, 2009, Directory Assistants, Inc., submitted a document to BARRANCO which purported to be a consulting contract for use with Yellow Page companies. A copy of this document is attached hereto as Exhibit A and is incorporated by reference.

8. The purported consulting contract was submitted to BARRANCO in Winter Haven, Polk County, Florida and purported to advise BARRANCO in the use of Yellow Pages with companies located in the State of Florida. Of these Yellow Page companies, some have gone out of business and some have decreased their prices to BARRANCO.

9. Directory Assistance, Inc., purports to earn compensation from BARRANCO for:

    a. 50% of any savings from the year's full renewal cost of the baseline program minus that year's revised costs;

    b. the document purports to have BARRANCO waive any claim to the origin

    of the future cost savings (i.e. whether it originated from consulting advice from Directory Assistants, Inc., from decrease in price from the Yellow Page company, from the Yellow Page company going out of business, from BARRANCO ceasing to use the Yellow Pages or from any other source;

  c. Because the compensation is not tied in any fashion to the performance rendered by Directory Assistants, Inc., to BARRANCO, it is totally unsupported by any consideration to form a viable contract;

  d. Based upon the alleged contract between BARRANCO and DAI, DAI will earn its largest amount of compensation if BARRANCO does not advertise in any Yellow Page directory such that BARRANCO receives no service from same, even though DAI does not recommend such course of action.

  e. The alleged contract is tantamount to imposing on BARRANCO a requirement of extending its baseline contract at the present rate with the Yellow Pages directory companies for a three year period (even when same has gone out of business or has decreased its price to BARRANCO);

  F. The document purports to have BARRANCO waive any objection to the court selected by either party.

10. The document deals with resolving disputes in the following fashion:

  a. We both agree to resolve any dispute arising out of or relating to this agreement through confidential binding arbitration and agree to try to

      mutually choose the arbitration ser vice, the loaction and which state's law will govern;

    b.  If we are unable to come to a mutual agreement, or if one of us refuses to participate in choosing, the party filing the demand will have the right to make the choices unilaterally as long as the filing party has made a good faith attempt to come to a mutual agreement;

    c.  The non-filing party expressly consents to and waives all objections to the choices made.

11. A dispute has arisen between Directory Assistants, Inc., (hereinafter DAI) and BARRANCO as to compensation that DAI maintains is owed to it (although no demand for an actual amount has been made by DAI).

12. On September 10, 2010, BARRANCO caused a letter to be written to DAI that expressed that there was no consideration to support any contract between it, that any savings in Yellow Page charges are not attributable to any information provided by DAI, that DEX (i.e. the in question Yellow Pages company) had dropped its charges to BARRANCO and that the savings were not attributable to DAI, that BARRANCO choose not to use any of the Yellow Page company services such that DAI was not saving it anything, that DAI expects to be paid when BARRANCO is receiving no services from the Yellow Page companies and that at a maximum, DAI's only recommended services to BARRANCO that result in a savings to it of $4,520 for 2010. A copy of this letter is attached hereto as Exhibit B and is incorporated herein by reference.

13. In response to this letter on 9/14/2010, DAI wrote BARRANCO's attorney advising

that: BARRANCO waived any claim to the origin of any future costs savings and agreed to pay it for any future savings including removals which term is not defined but which DAI now interprets as where BARRANCO receives no service). This e-mail further purported not to understand what BARRANCO was looking for in its 9/10/2010 letter. A copy of this e-mail is attached hereto as Exhibit C and is incorporated herein by reference.

    14. On October 21, 2010, DAI wrote to BARRANCO and requested the following:

> "Per the terms of the contract, please let us know what arbitration service, location and choice of law by November 1."

A copy of this e-mail is attached hereto as Exhibit D and is incorporated herein by reference.

    15. By fax and regular mail on 11/1/2010, BARRANCO responded to this request and choose the following:

> As to your request as to which arbitration service, location and law to apply, please be advised that we choose the following:
>
> > Samuel G. Crosby, Esquire or Oliver L. Green, Esquire
> > Central Florida Mediation Group
> > 4729 U.S. Highway 98 South, Suite 104
> > Lakeland, FL 33812
> > 863/594-1113 telephone
> > 863/594-1121 fax
> > www.centralfloridamediationgroup.com

Please note that Fla. Stat. §44.104 is the statute pursuant to which the arbitration is done in Florida.

A copy of this letter and the fax confirmation are attached hereto as Exhibit E and are incorporated herein by reference. Mr. Crosby is a board certified mediator (which is the required designation in order to qualify as an arbitrator pursuant to the Florida Arbitration Act), while Mr. Green is a board certified mediator, a retired circuit judge and a retired court of appeal judge for the State of Florida. The vast majority of witnesses in this matter are located in Florida as well

as all of the Yellow Page companies whose product the document concerned.

16. In response to this letter, DAI sought to have BARRANCO agree to arbitrate the matter in Charlotte, North Carolina because "it would be fair" (where neither of the parties had any contacts nor ties and where none of the witnesses were located). Such an attempt is not an example of fair attempt to select an arbitration site, firm or location such that any later unilateral attempt to do so by DAI may not be sustained. A copy of this e-mail is attached hereto as Exhibit F and is incorporated herein by reference.

17. In response to this e-mail on 11/8/2010, BARRANCO objected to the arbitration in North Carolina and insisted that the matter be arbitrated in Florida as DAI approached it in the state of Florida, the witnesses are in Florida and the companies whose services DAI and BARRANCO were contemplating in the document were located in Florida. A copy of this e-mail is attached hereto in Exhibit G and is incorporated herein by reference.

18. Thereafter on 11/9/2010, DAI wrote to BARRANCO's attorney and advised that it was demanding arbitration against BARRANCO in Connecticut with the American Dispute Resolution Center. A copy of this letter with the Demand for Arbitration Form is attached hereto as Exhibit H and are incorporated herein by reference.

19. On 11/10/201, DAI provided its letter to the ADR Center in New Britain, CT which amended the Demand for Arbitration to include Hearing Consultants, Inc. A copy of this letter and the Demand for Arbitration are attached hereto as Exhibit I and are incorporated herein by reference. DAI has never entered into a contract with Hearing Consultants, Inc., which incorporates any type of a clause requiring arbitration of disputes.

20. Neither BARRANCO nor its attorneys have ever arbitrated any matters with the

arbitrators picked by it.

21. DAI has arbitrated the following cases and sought confirmation of an arbitration award with all of the, on reason and belief, arbitrated with the American Dispute Resolution Center in New Britain, CT (which is the arbitration firm it seeks to use with BARRANCO and Hearing Consultants, Inc):

1. Directory Assistants, Inc., v. Opthamalogy Associates of Mobile, P.C., Case No. HHD-CV04-403349S;

2. Directory Assistants, Inc. v. Thomas Kaminsky DMD PC, Case No. HHD-CV06-5007859-S;

3. Citizens National Bank of Meridian v. Directory Assistants, Inc., Case No. HHD-CV07-4031430-S;

4. Directory Assistants, Inc.,v. Cooke Cameron Travis & Company PC, Case No. HHD-CV08-4035177-S;

5. Directory Assistants, Inc., v. North Dallas Plastic Surgery & Harlan Pollock, MD, Case No. HHD-CV08-4035886;

6. Directory Assistants, Inc., v. Black Pontiac, Inc., & J. Larry Black, Case No. HHD-CV08-4038091-S;

7. Directory Assistants, Inc., v. Lloyd Vacovski; Case No. HHD-CV09-4041762-S;

8. Directory Assistants, Inc. V. Dr. Ellerbe & Kallman, Inc., Dwight Ellerbe, James Kallman and Alaska Center for Facial Plastic Surgery, Case No. HHD-CV09-5032915-S;

9. Directory Assistants, Inc., v. Big Country Vein LP, Big Country Weight Loss, Big Country Medical Day Spa, Abilene Minor Emergency Clinic, Kerrville Minor Emergency Clinic & New Braunfels Minor Emergency Clinic, Case No. HHD-CV09-5033309-S;

10. Directory Assistants, Inc., v. Dennis Shay, Case No. HHD-CV09-5033765-S; and

11. Goldblatt Kuselias & Rashba P.C. v. David Ford & Directory Assistants, Inc., et al., Case No. NNH-CV09-6005583-S.

Based upon the foregoing relationship, the American Dispute Resolution Center has a long standing business relationship with DAI which precludes a fair and impartial treatment of BARRANCO or Hearing Consultants, Inc before that arbitration service.

22. On 11/30/2010, BARRANCO's attorneys received a notice from the ADR Center of New Britain, CT, which required it to respond and return paperwork to it on or before 11/29/2010 (i.e. return same before it was received). A copy of this notice and the envelope it was mailed in are attached hereto as Exhibit J and is incorporated herein by reference. The ADR Center of New Britain, CT., has shown that it is not fair or impartial arbitration firm in this matter.

23. Neither BARRANCO nor Hearing Consultants, Inc., does business in the State of Connecticut and does not have the minimum contacts to substantiate arbitration nor confirmation of any arbitration award in that state as neither has had purposeful contacts such that it purposely avails itself of the privilege of conducting activities within Connecticut thus invoking the benefits and protections of its laws.

24. BARRANCO and Hearing Consultants, Inc., will be irreparably harmed if the arbitration and/or confirmation of arbitration are not enjoined in the State of Connecticut.

<u>Count I for Declaratory Judgment by Hearing Consultants, Inc.</u>

25. Hearing Consultants, Inc., hereby realleges and incorporates by reference paragraphs 1 through 25 of the Complaint herein.

26. Hearing Consultants, Inc., has never entered into a written contract with Directory Assistants, Inc, and specifically, there is no contract which requires it to arbitrate any controversies with that company in any state.

27. Hearing Consultants, Inc., in doubt as to the effect of DAI's Amended Demand for Arbitration which includes a demand that Hearing Consultants arbitrate with it in the State of Connecticut, and the amount owed, if any, to DAI.

28. Pursuant to 9 U.S.C. §2, there must be a written provision in a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of the contract before such can be compelled.

29. There is no contract between Hearing Consultants, Inc., and DAI and specifically, no written provision which requires the arbitration of any such controversy between the parties.

30. Hearing Consultants, Inc., is being damaged as a result of the actions of DAI., in pursuing arbitration in Connecticut.

31. Hearing Consultants, Inc., has no adequate remedy at law short of the court enjoining such arbitration in Connecticut.

32. This action is not merely to obtain an advisory opinion but is rather based upon an actual controversy between the parties.

33. Hearing Consultants, Inc., has retained the undersigned attorneys and have agreed to pay them a reasonable attorney's fee. DAI is responsible for these attorneys fees pursuant to Fla. Stat. §57.105.

Wherefore Hearing Consultants, Inc., requests that the Court enter judgment which:

a. declares its rights under the Amended Demand for Arbitration based upon the lack of an enforceable arbitration provision and the amount owed to DAI, if any;

b. declares that the Amended Demand for Arbitration is unenforceable against it and that any judgment confirming same will have no force or effect in the state of Florida;

c. enjoins the arbitration against Hearing Consultants, Inc., which is in violation of the Federal Arbitration Act and the Florida Arbitration Act;

d. grants itdamages;

e. grants it a reasonable attorney's fee pursuant to Fla. Stat. Section 57.105;

f. grants it costs of this action; and

g. grants such further relief as is just and proper.

## COUNT II - DECLARATORY JUDGMENT AGAINST BARRANCO CLINIC, P.A.

34. BARRANCO and Hearing Consultants, Inc., hereby reallege paragraphs 1 through 24 of the Complaint herein by reference.

A. <u>Lack of Personal Jurisdiction of Plaintiffs in Connecticut.</u>

35. At all times material herein, BARRANCO and Hearing Consultants, Inc., have restricted their practice and business opportunities to the State of Florida such that they do not have minimum contacts with the State of Connecticut in order to render them susceptible of arbitration or lawsuits in that state.

36. At all times material herein, Directory Assistants, Inc., has sought out and has had purposeful contacts in Florida such that it purposely avails itself of the privilege of conducting activities within Florida thus invoking the benefits and protections of its laws.

37. There is no basis for personal jurisdiction of BARRANCO or Hearing Consultants, Inc., in Connecticut for either arbitration or lawsuits in that state.

B. <u>Federal Arbitration Act Has District Court Select Arbitrator</u>:

38. Pursuant to the alleged contract between BARRANCO and DAI, DAI requested that BARRANCO:

> "Per the terms of the contract, please let us know what arbitration service, location and choice of law by November 1."

39. When BARRANCO notified DAI of its choices of eminently qualified arbitrators in the locality where the witnesses necessary for the arbitration reside and work, DAI fraudulently requested that BARRANCO agree to arbitration in North Carolina (where none of the activities took place, where none of the witnesses are located and there is no nexus to the transaction).

40. After BARRANCO notified DAI that its selection of North Carolina was not acceptable, DAI arbitrarily demanded arbitration against BARRANCO and Hearing Consultants, Inc., in Connecticut with a company with whom it has a long standing business relationship which renders such arbitration tainted and unenforceable.

41. Pursuant to 9 U.S.C. §5, the District Court is empowered to select a proper arbitrator before whom any proceedings shall take place as DAI did not follow any procedures stated in the alleged contract.

42. BARRANCO and Hearing Consultants, Inc., request that the Court enter an order

which requires that any arbitration take place in the State of Florida where the witnesses necessary for such arbitration are located, where DAI sought BARRANCO's and Hearing Consultants, Inc.'s business and so that there is due process accorded to the parties.

C. <u>Forum Non Conveniens Applies to Arbitration or Lawsuit in Connecticut such that Florida is Proper Venue</u>:

43. There is an adequate alternate forum for either an arbitration or lawsuit between DAI and BARRANCO and Hearing Consultants, Inc., from Connecticut in Florida.

44. Reasons that militate for venue for arbitration or lawsuit in Florida include:

    a.    There is relative ease of access to sources of proof for both parties in Florida;

    b.    There is the availability of compulsory process for attendance of unwilling witnesses in Florida that is unavailable in Connecticut;

    c.    The cost of obtaining attendance of willing witnesses is much less in Florida than in Connecticut as the vast majority of same are located in Florida; and

    d.    The setting in Florida rather than Connecticut makes the arbitration or trial of such matter easy, expeditious and inexpensive.

D. <u>Injunction Against Arbitration or Lawsuit in Connecticut is Proper</u>:

45. BARRANCO and Hearing Consultants, Inc., will be irreparably damaged by an arbitration and/or trial in Connecticut as the required witnesses will not appear for any proceeding in that state.

46. It is imperative that any proceeding with Directory Assistants, Inc., with Plaintiffs

take place in Florida.

WHEREFORE BARRANCO and Hearing Consultants, Inc., request that the Court enter judgment which:

a. Declares that there is no basis for personal jurisdiction of either of Plaintiffs in Connecticut;

b. Declares that an arbitrator shall be selected in Florida and selects same;

c. Determines that the convenient forum for any arbitration and/or trial in this matter shall be in Florida;

d. grants a preliminary injunction against the arbitration and/or trial of this matter in Connecticut;

e. Enjoins the arbitration and/or trial in this matter in Connecticut; and

f. Grants such further relief as is just and proper.

STATE OF FLORIDA
COUNTY O F POLK

BEFORE ME, the undersigned notary public, personally appeared GEORGE D. LYLE, who is personally known to me (✓) or who provided the following identification: (_____), who after being duly sworn, deposes and says:

1. I make this affidavit upon personal information. I am the treasurer, a director and one of the medical doctors at the Barranco Clinic, P.A., and a director of Hearing Consultants, Inc.

2. I have reviewed the foregoing complaint and attached exhibits. The facts stated in the complaint are true and correct. Further the exhibits are true and correct copies of the documents they purport to evidence.

FURTHER AFFIANT SAYETH NAUGHT.

_____
GEORGE D. LYLE

Sworn to and subscribed before me this
_6_ day of December, 2010.

_____
Name: Lucinda K. Shelby
Notary Public
Commission No.: DD 634738
My commission expires: 1/30/2011

*Notary Public State of Florida*
*Lucinda K Shelby*
*My Commission DD634738*
*Expires 01/30/2011*

LAW OFFICE OF ALLAN L. CASEY

_____
DANIEL P. ROONEY, Esquire, Trial Counsedl
P.O. Box 7146
(395 Avenue C, NW - Physical)
Winter Haven, FL 33883-7146
863/294-4468 telephone
863/294-3947 telecopier
Fla. Bar # 0352144
Attorneys for Plaintiffs

E-mail: Casey.law@verizon.net